UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE CHRISTENSEN,<br><br>              Plaintiff,<br><br>   v.<br><br>BANNOCK COUNTY SHERIFF'S DEPT., BANNOCK COUNTY, DOUG ARMSTRONG, M.D. HART, and TOM FOLTZ,<br><br>              Defendants. | Case No. 4:09-CV-189-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion for Reconsideration (Dkt. 40). For the reasons explained below, the Court will deny the motion.

**LEGAL STANDARD**

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.

Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

**1.  Defendants' Motion for Reconsideration**

As an initial matter, Defendants ask the Court to clarify which claims are still pending. In its earlier Order, the Court dismissed all claims, including the conspiracy claim, except Plaintiff's malicious prosecution claim against Defendant Armstrong.

Thus, the only pending claim is the malicious prosecution claim against Defendant Armstrong.

Defendants next ask the Court to reconsider its decision to deny summary judgment in favor of Defendants on that one remaining claim. Defendants suggest that the Court committed clear error in that respect.

The bulk of Defendants' motion simply restates arguments addressed in the Court's earlier decision. The Court will not rehash those arguments here. The Court's earlier decision explains in detail why those arguments fail.

The only argument with any potential for reconsideration is the argument that the Court did not address qualified immunity on the malicious prosecution claim. However, even that argument is a stretch. A review of Defendants' briefs in support of their motion for summary judgment shows that Defendants' qualified immunity argument focused on the unlawful arrest claim, not the malicious prosecution claim. The Court dismissed the unlawful arrest claim because Christensen was arrested pursuant to a facially valid warrant. Therefore, the qualified immunity argument was moot.

However, even if the Court assumes that Defendants meant to assert qualified immunity on the malicious prosecution claim, the Court will not reconsider its decision. "Qualified immunity serves to shield government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir.

MEMORANDUM DECISION AND ORDER - 3

2005) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has set forth the following two-pronged inquiry to resolve all qualified immunity claims:

> First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right? Second, if so, was that right clearly established? The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. This inquiry is wholly objective and is undertaken in light of the specific factual circumstances of the case.

*Id*. (internal quotations and citations omitted). Thus, a district court should "concentrate at the outset on the definition of the constitutional right and . . . determine whether, on the facts alleged, a constitutional violation could be found . . . ." *Billington v. Smith*, 292 F.3d 1177, 1183 (9th Cir. 2002). If a constitutional violation can be found, the Court then decides whether the violation was the source for clearly established law that was contravened in the circumstances of the case.

Defendants suggest that Christensen did not have a constitutional right to be free from a factual dispute in a police report. This argument wholly misses the mark. "The threshold question in determining whether an official is entitled to qualified immunity is whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the conduct violated a constitutional right." *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1092 (9th Cir. 2009). As explained in the Court's earlier decision, Christensen's deposition testimony and affidavit indicate that he told Armstrong that his civil rights had been restored, that he had been so advised

MEMORANDUM DECISION AND ORDER - 4

unequivocally by his probation officer, and that he had exercised those civil rights in the past by serving on a jury, voting and possessing firearms.  This is in direct conflict with Armstrong's police report, which indicated that Christensen had asked his probation officer to restore his rights, but was unsure if restoration occurred.

The qualified immunity analysis does not require the Court to ask whether Christensen had a right to be free of these disputed facts.  Rather, it requires the Court to take these facts in the light most favorable to Christensen, and then ask whether those facts show a constitutional violation could be found.  *Billington*, 292 F.3d at 1183.  Here, a violation of Christensen's right to be free of malicious prosecution can be found.  That right is outlined by the Ninth Circuit as explained in the Court's earlier decision.  *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002).

Moreover, that right was clearly established.  A reasonable officer in Armstrong's position would have know it was unlawful to misstate facts to the prosecutor about whether Christensen had indicated that his civil rights had been restored, that he had been so advised, and that he had exercised those civil rights in the past by serving on a jury, voting and possessing firearms.  Accordingly, Armstrong is not entitled to qualified immunity on the malicious prosecution claim.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Reconsideration (Dkt. 40) is **DENIED**.

DATED: **January 4, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge